### PAULDING vs. DOWELL.

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

In an action for rent the plaintiff will recover without adducing title, if
he show a continued possession.

Where a person enters upon vacant premises, if on being sued for the
rent by the owner (who was unknown to him when he entered) he recon-
venes for repairs, he will be considered not in the light of an usurper, but as
possessing for the owner.

The plaintiff claimed from the defendant a certain sum
for the rent of a house and lot. The latter pleaded, first,
that he was not indebted in any sum whatever ; second,
that the plaintiff was not the owner of the premises at the
institution of the suit ; and thirdly, compensation for repairs.
The plaintiff produced no title to the premises, except a
former occupancy by himself, which was continued by others
in his right for some years. The evidence showed that it
was afterwards deserted, and remained for a long time un-

tenanted and in a state of waste. In this condition, the defendant took possession, and put upon it repairs to the amount of $ 125.

The court *a quo* was of opinion, and so decreed, that the plaintiff had suffered his title by possession to be lost, and could not recover without showing some other. From this judgment the plaintiff appealed.

*Hennen*, for appellant. *Morse*, for appellee.

*Martin, J.*, delivered the opinion of the court.

To a claim for house rent, the defendant pleaded he owed nothing : that, at the institution of the suit, the plaintiff was not owner of the premises : that, when the defendant went in, the house was not in tenantable order, having been deserted for a number of years, and he took peaceable and quiet possession of it and repaired it. The amount spent in repairs was pleaded in reconvention against the plaintiff or whoever might own the house. There was judgment against the plaintiff, who appealed.

The testimony shews he was in possession of the premises in 1819, and rented them to Walton, who occupied them as his tenant for about five years; that, in 1826, the defendant entered into the premises and occupied them for a year, during which he made repairs to the value of $ 125. On his leaving them, the plaintiff rented them to Foster. Before the defendant went in, the premises were for a long time unoccupied, and were the resorts of runaway slaves, and the house was not in tenantable order.

It has been urged, and the judge *a quo* has concluded that the plaintiff, having shown no title, and it being proved he had lost his possession, he could not recover.—*Civil Code,* 3410, 3412.

It has appeared to us the plaintiff, having shown a possession since the year 1819, ought to recover on that possession, unless he be shown to have lost it. This he would

In an action for rent the plaintiff will recover without adducing title if he show a continued possession.

Where a person enters upon vacant premises, if on being sued for the rent by the owner, who was unknown to him when he entered. he reconveness for repairs he will be considered not in the light of an usurper but as possessing for the owner.

certainly have done, had the defendant gone in as a *usurper*. It is in evidence he occupied the premises for a year, and begun by putting repairs on the premises, for the account of the owner, who was then unknown to him, as he alleges· The amount of these repairs, he claims in reconvention. His leaving the premises is evidence that he pretends no title thereto—his claim for repairs is also evidence of his. Bad faith is not to be presumed, and the claim he makes is grounded on his having in possessed good faith, but under a precarious title, as a tenant by sufferance. If so he occupied for the owner; and when a lawful occupancy results from the pleadings, and the evidence, every idea of an unlawful one, or of usurpation is repelled.

We conclude the District Court erred in rejecting the claim.

According to the testimony of the plaintiff's witnesses, we would be disposed to allow $30 *per* month, for the rent. One of the witnesses for the defendant, thinks that rent was a fair one, after the repairs were made ; another thinks it was never worth more than $25. It is in evidence the upper story alone is now rented at $20 a month. Several witnesses say no rent could have been obtained for it when the defendant went in, till it was repaired.

On this, we have thought $25 *per* month was the value of the rent, after the repairs were made. We have deducted two months for the time we suppose taken in repairing the house ; the evidence does not show an occupancy of more than one year, though a longer one is alleged in the petition, and was the basis of the judgment appealed from. This establishs a claim for rent for 250 dollars, from which we have deducted the value of the repairs, $125.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment in favour of the plaintiff for one hundred and twenty-five dollars, with costs in both courts.